

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-10-003-CV

GAYLEN M. BROTHERSON,          APPELLANTS
JUDY K. BROTHERSON,
RYAN DURANT, SAM
MURANTE, MICHAEL
WILCOX, AND GENE
WILCZEWSKI

V.

SPRINGBROOK          APPELLEE
APARTMENTS, LTD., A
LOUISIANA LIMITED
PARTNERSHIP

------------

FROM THE 348TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

[1]*See* Tex. R. App. P. 47.4.

## I. INTRODUCTION

This is an interlocutory appeal by Appellants Gaylen M. Brotherson, Judy K. Brotherson, Ryan Durant, Sam Murante, Michael Wilcox, and Gene Wilczewski from the trial court's order denying their special appearances. In connection with its special appearance ruling, the trial court signed findings of fact and conclusions of law. The trial court ruled, based on the facts it found, that Appellants' special appearances were denied based on the doctrine of judicial estoppel. For the reasons set forth below, we will affirm the trial court's ruling.

## II. PROCEDURAL BACKGROUND AND FINDINGS OF FACT

Appellee Springbrook Apartments, Ltd., a Louisiana limited partnership, originally sued Appellants and others in Maricopa County Superior Court in Arizona (the Arizona Action). All Appellants filed motions to dismiss in the Arizona Action, alleging that pursuant to a contractual venue selection provision, Appellee should have brought suit against them in Tarrant County, Texas. The Arizona court dismissed the Arizona Action, and Appellee filed suit against Appellants in Tarrant County, Texas. Appellants then filed special appearances in the Tarrant County suit contending that they were not subject to personal jurisdiction in Texas.

2

At the special appearance hearing, the Tarrant County trial court had before it the reporter's record from a hearing on Appellants' motion to dismiss the Arizona Action. In findings of fact, the trial court found that Appellee's claims against Appellants were based on a Surplus Cash Note that was signed by Defendants Tapestry Group, Inc. and by Tapestry Springbrook, LLC; that Appellants are the principal and sole officers, members, and agents of Tapestry and Tapestry Springbrook and unilaterally control both entities; that Appellee alleged claims against Appellants for alter ego, breach of the Surplus Cash Note, fraud, and negligent misrepresentation; that Appellee originally filed this lawsuit in Maricopa County Superior Court in Arizona; that Appellants (Gaylen M. Brotherson, and Judy K. Brotherson) filed a motion to dismiss the Arizona Action based on a venue selection clause in the Surplus Cash Note or, alternatively, on forum non conveniens; that the remaining Appellants—Ryan Durant, Sam Murante, Michael Wilcox, and Gene Wilczewski—filed their own motion to dismiss the Arizona Action asserting the same grounds for dismissal; that the venue selection clause upon which all Appellants based their motion to dismiss designates Tarrant County, Texas, as the proper venue; that at the hearing in Arizona on all Appellants' motions to dismiss the Arizona Action, they were represented by the same counsel; and that at the hearing on Appellants' motions

3

to dismiss, Appellants' counsel expressly maintained and argued that Appellee's claims against Appellants should have been brought in Tarrant County, Texas.

Specifically, the trial court made the following findings of fact:

11.   In the Arizona Action, the Individual Defendants expressly maintained that the lawsuit—which expressly included the claims asserted against them in this case, including the claim for alter ego—should have been brought in Tarrant County, and they asked the Arizona court to dismiss the claims against them as a result.  At the hearing [on the motions to dismiss, Appellants' counsel] argued, "Indeed if there was no dispute as to the payment on the promissory note, there would be no claim for alter ego.  There would be no claim for conversion.  There would be no claim for fraud.  There would be no claim for negligent misrepresentation.  That means *all of these claims* are related to the underlying contract, which in turn means that the venue selection clause applies with equal force to the tort claims that have been alleged in this case."

12.   At the hearing, [Appellants' counsel] argued that, pursuant to the terms of the Surplus Cash Note, all of the claims alleged by [Appellee] "should have been brought in Tarrant County, Texas."

13.   [Appellants' counsel] argued that Tarrant County, not Maricopa County, was the proper venue for the lawsuit, making no distinction between the claims against Tapestry and Tapestry Springbrook, on the one hand, and those against the individual Defendants [that is, Appellants], on the other hand.

14.   [Appellants' counsel] specifically represented to the Arizona court that "if the lawsuit goes forward as it's supposed to in Tarrant County, Texas, the Defendants are likely to hire counsel in Tarrant County, Texas . . . . [Appellants' counsel] also argued that the Defendants "benefit from having a Texas court decide this matter" and that all of Plaintiff's claims "should have been brought in Tarrant County, Texas," and he asked the Arizona court to "let the parties proceed as they originally agreed in Tarrant County, Texas."

15.   At no time did [Appellants' counsel] suggest to the Arizona

4

court that some of the parties –– namely the Individual Defendants –– had not actually agreed to the claims against them proceeding in Tarrant County, or that once Plaintiff brought its claims in the "proper" forum, those Defendants would object to that forum as well. Similarly, in their briefing in the Arizona Action, the Defendants made no distinctions as between the corporate entities and the Individual Defendants or as among the various claims asserted.

16.     At the hearing on Defendants' Motions to Dismiss in the Arizona Action, Plaintiff's counsel . . . argued vigorously that the Motions to Dismiss should be denied and that the case should remain in Arizona.   In doing so he expressly questioned the Defendants' motives for arguing for venue in Texas and asking the Arizona court to dismiss the case –– "Why do they even want to go to Texas?  They don't want to be in Texas.  They're doing this to stall to further perpetrate the fraud that they started when they didn't want to pay us a year ago when they should've."

17.     The Arizona court sided with the Defendants, deciding at the hearing to grant the Defendants' Motions to Dismiss based on the venue selection provision. . . .

18.     The Arizona court dismissed the case based on its understanding that all the parties had an unambiguous agreement to litigate the case in Tarrant County, Texas, and that all the parties were going to do so.

19.     Following the dismissal of the Arizona Action, Plaintiff did exactly what all the Defendants had asked –– it sought to "let the parties proceed as they originally agreed in Tarrant County, Texas."

20.     In the Special Appearance, the Individual Defendants assert that the case cannot proceed in Tarrant County because all claims against them should be dismissed for want of personal jurisdiction.

21.     The Individual Defendants previously argued successfully that the Arizona Action should be dismissed because the case could properly proceed only in Tarrant County.

22.     Thereafter, the Individual Defendants claimed that the case against them brought in Tarrant County should be dismissed because of a lack of personal jurisdiction.

5

23.    The position adopted by the Individual Defendants in their Special Appearance is not consistent with the position they successfully took in the Arizona Action.

24.    The Individual Defendants seek to require Plaintiff to bring another lawsuit against them in another jurisdiction when they previously asserted without qualification that the case should proceed in Tarrant County.

25.    The Individual Defendants would gain an unfair advantage over the Plaintiff if they were not judicially estopped from arguing that this Court has no personal jurisdiction over them.

26.    The Individual Defendants' Special Appearance is overruled to prevent them from abusing the judicial process and insulting the integrity of the judiciary. [Emphasis added.]

## III. APPELLANTS ARE JUDICIALLY ESTOPPED FROM CLAIMING THAT THE TRIAL COURT DOES NOT HAVE PERSONAL JURISDICTION OVER THEM

In a single issue on appeal, Appellants argue that the trial court erred by denying their special appearances.  Appellants challenge the sufficiency of the evidence to support the trial court's findings of fact and argue that they "did not make a deliberate, clear[,] and unequivocal statement in a prior proceeding consenting to Texas['s] personal jurisdiction in their individual capacities." Appellants claim that when their counsel argued their motions to dismiss the Arizona Action, his use of the word "parties" referred to the parties to the Surplus Cash Note, not to the parties sued by Appellee in the Arizona Action.

### A.    Standards of Review[2]

_____

[2]As set forth in its findings of fact and conclusions of law, the trial court denied Appellants' special appearances because it determined that Appellants

6

Findings of fact entered in a case tried to the court have the same force and dignity as a jury's answers to jury questions. *Anderson v. City of Seven Points*, 806 S.W.2d 791, 794 (Tex. 1991). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them by the same standards that are applied in reviewing evidence supporting a jury's answer. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex. 1996); *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex. 1994).

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). In determining whether there is legally sufficient evidence to support the finding

were judicially estopped from asserting that they are not subject to the Tarrant County trial court's jurisdiction. Consequently, because this independent basis for the trial court's ruling is not based on the merits of Appellants' special appearances, we need not and do not set forth the merits-based special appearance standards of review. The only issue before us is whether the trial court's findings of fact concerning judicial estoppel are supported by legally and factually sufficient evidence.

under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965); *In re King's Estate*, 150 Tex. 662, 664–65, 244 S.W.2d 660, 661 (1951).

## B.    Law on Judicial Estoppel

Judicial estoppel precludes a party who successfully maintains a position in one proceeding from afterwards adopting a clearly inconsistent position in another proceeding to obtain an unfair advantage. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 643 (Tex. 2009) (citing *Pleasant Glade Assembly of God v. Schubert*, 264 S.W.3d 1, 6 (Tex. 2008)). The doctrine is not intended to punish inadvertent omissions or inconsistencies but rather to prevent parties

8

from playing fast and loose with the judicial system for their own benefit. *Id.* (citing *Schubert*, 264 S.W.3d at 7). The elements of judicial estoppel are (1) a sworn, prior inconsistent statement made in a prior judicial proceeding; (2) the successful maintenance of the contrary position in the prior action; (3) the absence of inadvertence, mistake, fraud, or duress in the making of the prior statement; and (4) the statement was deliberate, clear, and unequivocal. *DeWoody v. Rippley*, 951 S.W.2d 935, 944 (Tex. App.—Fort Worth 1997, writ dism'd by agr.).

### C. Analysis

As previously mentioned, at the hearing in Tarrant County on Appellants' special appearances, Appellee offered, and the trial court admitted into evidence, the reporter's record from the hearing in Arizona on Appellants' motions to dismiss the Arizona Action. That record reveals that the same attorney represented all of the defendants—both the individuals (who are Appellants here) and corporate entities—in the Arizona Action. When counsel argued the defendants' motions to dismiss the Arizona Action, he bound them to the legal position that he expressed, which was that the parties agreed that jurisdiction over all claims—including the tort and the alter ego claims—was proper in Tarrant County, Texas, based on the venue selection provision in the Surplus Cash Note. *See Goldman v. White Rose Distrib. Co.*, 936 S.W.2d 393, 398 (Tex.

9

App.—Fort Worth 1996), *vacated pursuant to settlement*, 949 S.W.2d 707 (Tex. 1997) (stating that counsel's statements can bind the client to that legal position). The Arizona court accepted counsel's articulation of the defendants' position and held that the language of the Surplus Cash Note unambiguously provided that "[a]ll legal actions involving the validity or enforcement of this note shall have jurisdiction and venue in Tarrant County, Texas." The Arizona court thus dismissed the Arizona Action. When Appellee (the plaintiff in the Arizona Action) then filed suit in Tarrant County, Appellants filed special appearances, arguing that the Tarrant County district court did not have personal jurisdiction over them; Appellants thus took a position clearly inconsistent with their position in the Arizona Action.

Appellants now attempt to argue that the position articulated by their counsel in the Arizona Action—that the parties agreed that jurisdiction over all claims was proper in Tarrant County, Texas—was somehow inadvertent because counsel's use of the word "parties" referred to the parties to the Surplus Cash Note, not to the parties to the lawsuit. The record from the hearing in Arizona on Appellants' motions to dismiss, however, reflects no inadvertence or equivocation in Appellants' counsel's argument that "all of these claims," which necessarily includes claims asserted against Appellants in their individual capacities, are subject to the Surplus Cash Note's venue selection provision.

10

The record does not reveal any mistake, fraud, or duress by or on Appellants' counsel in the making of the pertinent statements to judge in the Arizona Action. To the contrary, Appellants' counsel's statements to the judge in the Arizona Action—that the parties had agreed to litigate the suit in Tarrant County, Texas, and which were made to secure dismissal of the Arizona Action—were deliberate, clear, and unequivocal. The trial court's findings of fact supporting its conclusions of law that Appellants are judicially estopped as a matter of law from asserting that the Tarrant County district court lacked personal jurisdiction over them are supported by much more than a scintilla of evidence and the evidence the evidence supporting the findings is not so weak or so contrary to the overwhelming evidence that they should be set aside. *See Horsely-Layman v. Adventist Health Sys./Sunbelt, Inc.*, 221 S.W.3d 802, 808 (Tex. App.—Fort Worth 2007, pet. denied) (holding that appellant's nondisclosure of her malpractice claim prior to discharge from bankruptcy precluded her subsequent assertion of claim because she had taken position in bankruptcy court that all claims had been disclosed); *Charles Brown, L.L.P. v. Lanier Worldwide, Inc.*, 124 S.W.3d 883, 900 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (holding that elements of judicial estoppel doctrine were satisfied when law firm unequivocally represented itself in its sworn petition in county court as the party involved in the dispute with Lanier but later attempted to contradict that statement in the district

11

court action); *Goldman*, 936 S.W.2d at 398 (holding that company was judicially estopped from asserting that former company president was not entitled to distribution of monies because company's attorney took opposite position in prior lawsuit); *see also Dominey v. The Unknown Heirs & Legal Representatives Of Lokomski*, 172 S.W.3d 67, 73 (Tex. App.—Fort Worth 2005, no pet.) (holding that trial court's finding that decedent did not abandon property was supported by legally and factually sufficient evidence); *McLaughlin v. Northstart Drilling Techs., Inc.*, 138 S.W.3d 24, 29 (Tex. App.—San Antonio 2004, no pet.) (holding that findings of fact were supported by legally and factually sufficient evidence).

## IV. CONCLUSION

Having overruled Appellants' sole issue, we affirm the trial court's order denying Appellants' special appearances.

SUE WALKER
JUSTICE

PANEL: DAUPHINOT, WALKER, and GABRIEL, JJ.

DELIVERED: September 30, 2010

12